**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1711**

_____

NARCISSE DJOMASI,

Petitioner,

versus

ALBERTO R. GONZALES,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-196-028)

_____

Submitted: January 10, 2007          Decided: February 2, 2007

_____

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Sopo Ngwa, Silver Spring, Maryland, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright,
Assistant Director, Melvin Lublinski, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Narcisse Djomasi, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order affirming without opinion the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Djomasi claims the evidence supports his application for asylum and the immigration judge imposed upon him a higher burden of proof.[*] We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

---

[*]Djomasi does not challenge the denial of withholding under the CAT.

An applicant has the burden of demonstrating his eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find the immigration judge's adverse credibility finding to be supported by the record. Therefore, the evidence does not compel a different result. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED